Robin F. Wynne, Justice, dissenting. I dissent from the majority’s decision to affirm the grant of summary judgment in favor of the City of Blytheville and its water department (the City).' Because I believe the grant of summary judgment was improper, I would reverse and remand to the circuit court for further proceedings. The majority holds that the City has express statutory authority to impose the penalty pursuant to Arkansas Code Annotated section 14-55-601(a) (Repl. 2013), which allows municipal corporations to enforce their ordinances through the imposition of fines/ forfeitures, and penalties. However, the City never claimed, either below or on appeal, that it had the authority to impose the penalty pursuant to that provision. The circuit court did not rely on that provision in making its ruling. The majority cites our decision in Myers v. Ark. Dep’t of Human Servs., 2011 Ark. 182, 380 S.W.3d 906, for the proposition that this court will not|uresearch or develop an argument for a party on appeal. That precedent should apply equally to the argument put forth by the majority that was never raised below or on appeal. The majority holds that the imposition of a penalty is justified by the City’s authority, pursuant to Arkansas Code Annotated section 14-235-223(a)(l), to establish and maintain just and equitable rates or charges for the use of and services rendered by its waterworks. It is clear that the parties do not. agree regarding the material question of fact of whether the penalty qualifies as “just and equitable rates or charges.” The order should be reversed and the case remanded for that reason. Furthermore, under the majority’s logic, there is functionally no limit to what a municipal waterworks could force their customers to pay in the guise of “rates or charges,” The majority should seriously reconsider the effect of its holding on this issue. Also, the majority holds that the late penalty is necessary and essential based on the deposition testimony of the general manager of the City’s waterworks. Actually, instead of demonstrating that the penalty is necessary and essential, the testimony shows that the penalty is imposed because it is the most convenient way for the City to procure timely payment. The manager testified that other available methods for encouraging timely payment would be just as effective, if not more so, than the late-payment penalty, but that the penalty was less labor-intensive and more convenient for the City. This is not sufficient for the penalty to be considered necessary and essential for the operation of the water department. For these reasons, I dissent. Danielson, J., joins.